IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUDRIKA HOUSTON                                                                                           PLAINTIFF

v.                                            Civil No. 2:23-CV-02132-PKH-MEF

DeLAY GUNNER                                                                                          DEFENDANTS
(Judge, Sebastian County Circuit Court),
DANIEL SHONE
(Sebastian County Prosecutor), and
CINDY GILMER
(Clerk, Sebastian County Circuit Court)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on September 25, 2023. (ECF No. 1). It was transferred to this District on November 2, 2023. (ECF No. 5). On November 7, 2023, the Court entered Orders directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application and an Amended Complaint. (ECF Nos. 7, 8). Plaintiff did so on November 27, 2023. (ECF Nos. 9, 10). He was granted IFP status on November 28, 2023. (ECF No. 11).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") Barbara Ester Unit, but his Amended Complaint centers on the events in Sebastian County leading up to his incarceration. (ECF No. 9). Plaintiff alleges that on June 21, 2022, Defendants violated his Fourteenth Amendment rights against double jeopardy and his Fifth Amendment rights. (*Id*. at 4). Specifically, Plaintiff alleges that on October 27, 2017, he was charged with second degree battery and fleeing on foot. (*Id*.). On May 2, 2018, he entered a plea deal for two years in the ADC and four years suspended sentence. (*Id*.). Plaintiff alleges he discharged his entire sentence in April of 2020, and has not been convicted of any new felony. (*Id*.). He also had 337 days jail credit and it was a class D felony. (*Id*. at 4-8).[2] Plaintiff alleges that on June 21, 2023, Defendants resentenced him on the same charges and gave him eight years in the ADC. (*Id*.). Plaintiff alleges Defendant Shone[3] told the judge to give him eight years in the ADC. (*Id*. at 6). Plaintiff alleges Judge Gunner[4] signed the new Sentencing Order. (*Id*. at 5). Plaintiff states Defendant Gilmer "was the one who processed his paperwork" for the violation of his rights. (*Id*. at 8). Plaintiff alleges he has filed grievances and tried to write to all Defendants to no avail. (*Id*.).

Plaintiff proceeds against all Defendants in their individual capacity. (ECF No. 9, p. 8). Plaintiff seeks his immediate release from the ADC, and to be compensated in the amount of $3,000 per day from each Defendant for the time he has served. (*Id*. at 9).

A review of Plaintiff's ADC record indicates that on June 9, 2022, he was sentenced for probation revocations related to his 2017 convictions for battery in the second degree and fleeing. He received 48 months for each revocation. He was received into the ADC on June 27, 2022. A

---

[2] Plaintiff repeats the same claim three times on the form, providing additional details as to each Defendant in each one.
[3] This Defendant's correct name is Daniel Shue.
[4] This Defendant's correct name is R. Gunner DeLay.

review of Plaintiff's state court records indicates he appealed the revocations of the suspended sentences, and the revocations were affirmed in *Houston v. State of Arkansas*, Case No. CR-22-493.[5]

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

---

[5] Available at Arkansas Court Connect. (Last accessed Dec. 5, 2023.)

framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's claims against the Defendants are barred by immunity for judges, prosecutors, and court clerks, respectively. His claims are also barred by the *Heck* doctrine.

Judge Gunner DeLay, identified as a Sebastian County Circuit Court judge, is immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial, and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032, 1033 (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981). Plaintiff's allegations against Judge Gunner DeLay are for actions taken in his judicial capacity. Thus, any claim for damages is barred.

As a prosecuting attorney, Defendant Daniel Shue is immune from suit. A prosecutor is immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted). Plaintiff's allegations against Defendant Shue are for actions taken in his prosecutorial capacity. He is, therefore, immune from suit.

Defendant Gilmer is also immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) (internal quotation marks and citation omitted). *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity). Plaintiff's allegations against Defendant Gilmer are for processing paperwork as the court clerk. She is, therefore, immune from suit.

Additionally, Plaintiff's claims are *Heck*-barred. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). 28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges in federal court to the validity of his conviction or sentence or to the execution of his sentence. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). That Plaintiff has brought and styled this action under § 1983 is of no consequence for, as the Court noted in *Crouch*, "a person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, *no matter how his pleadings are styled*. *Crouch*, 251 F.3d at 723, citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996) and *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.), *cert. denied*, 531 U.S. 1029 (2000).

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 9) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of December 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE